UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELINA BARCELOS PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,[1] Commissioner of Social Security,<br><br>Defendant. | No. 1:18-cv-00923-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF** |

### I. Introduction

Plaintiff Adelina Barcelos Perez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] *See* Docs. 15, 16 and 17. Having reviewed the record as a whole, the Court finds that the ALJ's decision is supported by substantial evidence and applicable law. Accordingly, Plaintiff's appeal is denied.

---

[1] Commissioner of Social Security Andrew Saul is substituted as Defendant pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. *See* Docs. 7 and 9.

1

**II.    Procedural Background**

On August 25, 2008, an Administrative Law Judge denied Plaintiff's prior application for supplemental security income. AR 21, 69-73. The ALJ found that Plaintiff had no severe impairment and was not disabled. AR 71-73.

On February 28, 2014, Plaintiff filed the pending application for disability insurance benefits alleging disability beginning April 21, 2003. AR 21. The Commissioner denied the application initially on September 4, 2014, and upon reconsideration on March 13, 2015. AR 21. On May 17, 2015, Plaintiff filed a timely request for a hearing before an Administrative Law Judge. AR 21.

Administrative Law Judge Matilda Suhr presided over an administrative hearing on June 5, 2017. AR 49-128. Plaintiff appeared with the assistance of an attorney and an interpreter. AR 45. Impartial vocational expert Judith Nazarian (the "VE") also testified. AR 45.

On July 10, 2017, the ALJ denied Plaintiff's application. AR 21-28. The Appeals Council denied review on May 14, 2018. AR 1-4. On July 9, 2018, Plaintiff filed a complaint in this Court. Doc. 1.

**III.   Factual Background**

    **A.    Plaintiff's Testimony and Reports**

Plaintiff (born October 27, 1961) lived in a home with several adult children and a seventeen-year-old daughter. AR 50. Plaintiff completed the eighth grade in Mexico. AR 50. She had not worked since 2003 when she was injured while working at a poultry processing plant. AR 50-51. Plaintiff continues to have muscle pain (7/10) in her mid-back, which she treats with medication. AR 56.

Because of Plaintiff's back pain, her children did most of the work around the house. AR 51. Plaintiff went to the grocery store and helped the children with cleaning and washing. AR 51-52. Plaintiff could "not lift anything" but could pour milk from a gallon container using two hands. AR 52-53. She was able to perform her own personal care, shop several times weekly, cook, do laundry, iron and drive. AR 52, 54, 277, 278, 279.

///

On a typical day, Plaintiff woke at five o'clock, made her daughter's breakfast and drove her daughter to school. AR 54, 277. When she returned home, Plaintiff rested, did light housework or watered her plants. AR 54. Plaintiff enjoyed going out to eat and for walks. AR 280. In November 2014, Plaintiff reported that she was caring for a sick son, including taking him to the doctor, getting his medicine, cleaning and cooking for him. AR 291.

### B. Medical Reports

Except for a few instances of unusual test results or acute minor illness, Plaintiff saw her primary care physician, Johnny Y. Fong, M.D., approximately monthly from February 1, 2013 through March 17, 2017.[3] AR 404-64, 488-504. Dr. Fong treated Plaintiff for allergic rhinitis, hypertension, arthritis and hyperlipidemia, and frequently instructed Plaintiff to lose weight.

### C. Medical Opinions

#### 1. Agency Physicians

On August 7, 2014, agency physician A. Khong, M.D., found no material change in Plaintiff's physical condition since the earlier hearing decision. AR 78. The agency determined that Plaintiff was not disabled. AR 81. On reconsideration, agency physician A. Resnik, M.D., agreed. AR 88.

#### 2. Consultative Orthopedic Examination

Orthopedist Dale H. Van Kirk, M.D., conducted a comprehensive orthopedic evaluation of Plaintiff on July 22, 2014. AR 388-92. Lumbar spine x-rays requested by Dr. Van Kirk revealed transitional vertebrae at the lumbosacral junction and mild multilevel degenerative changes. AR 387.

Dr. Van Kirk observed that Plaintiff was in no obvious distress. AR 389. "She sits comfortably in the examination chair, gets up and out of the chair, walks around the examination room, and gets on and off the table without difficulty." AR 389. She did not limp. AR 389. Plaintiff was able to walk heel to toe, and to get up on her toes and her heels. AR 390. She could not squat completely, or walk while squatted because of back pain. AR 390. Motor strength was

///

---

[3] Dr. Fong's treatment records consist of cryptic notes on a pre-printed one-page checklist.

full, and sensation was intact. AR 391. The straight leg test was negative. AR 391. Plaintiff's blood pressure was elevated. AR 389.

The doctor diagnosed chronic lumbosacral musculoligamentous strain/sprain, likely associated with degenerative disk disease. AR 391. Dr. Van Kirk opined that Plaintiff could lift 20 pounds occasionally and ten pounds frequently, and stand or walk for a total of six hours in an eight-hour day. AR 391. He limited Plaintiff to only occasional postural activities because of chronic low back pain. AR 391. Sitting and manipulative activities were unlimited. AR 391-92.

Dr. Van Kirk conducted a second comprehensive orthopedic evaluation on April 5, 2017. AR 481-85. He did not secure an updated x-ray series. Plaintiff and her son Julian advised Dr. Van Kirk that Plaintiff's condition was about the same as it was three years earlier. AR 481-82. Dr. Van Kirk's report and opinion of residual functional capacity were nearly identical to those of the earlier report. In a separate medical source statement dated April 5, 2017, Dr. Van Kirk repeated substantially the same opinion. AR 475-80

### 3. **Primary Care Physician**

On a physical capacity checklist dated April 1, 2014, Dr. Fong opined that Plaintiff could stand, walk and sit less than two hours in an eight-hour work day. AR 467. Manipulative activities were limited by numbness and lack of strength. AR 467. Plaintiff could not operate foot pedals due to bad pain in both knees. AR. 467. Hot and cold temperatures caused joint pain and numbness. AR 467. The doctor checked all boxes to indicate that Plaintiff could never, occasionally, frequently and constantly lift ten pounds. AR 468. Plaintiff could never climb, balance, stoop, kneel, crouch, crawl, or reach in any direction. AR 468. Plaintiff's pain medications made her dizzy. AR 468.

In a physical medical source statement dated March 17, 2017, Dr. Fong diagnosed arthritis and hypertension. AR 469. He opined that Plaintiff could walk for two blocks, sit for ten minutes and stand for thirty minutes at a time. AR 469. In the course of a normal work day, Plaintiff could sit or stand and walk less than two hours. AR 469. Plaintiff needed to be able to change positions at will and to include ten-minute periods of walking every ten minutes during

///

her workday. AR 470. If sitting was prolonged, Plaintiff needed to elevate her legs above her waist. AR 470.

Plaintiff could rarely carry less than ten pounds and never carry more than ten pounds. AR 470. She could rarely twist and stoop, and could never crouch, squat or climb stairs or ladders. AR 470-71. She had no significant limitations with reaching, handling or fingering. AR 471. Plaintiff was incapable of performing even low stress work. AR 471. She was likely to be off task five per cent of the work day and absent about two days each month. AR 471. Each day Plaintiff was likely to need two unscheduled breaks for ten minutes. AR 472.

### IV. Standard of Review

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and internal quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

///

## V. **The Disability Standard**

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f).

In addition, when an applicant has one or more previous denials of applications for disability benefits, as Plaintiff does in this case, he or she must overcome a presumption of nondisability. The principles of *res judicata* apply to administrative decisions, although the doctrine is less rigidly applied to administrative proceedings than in court. *Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir. 1988); *Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir. 1988).

Social Security Acquiescence Ruling ("SSR") 97–4(9), adopting *Chavez,* applies to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Social Security Act as a prior claim in which there has been a final administrative decision

6

that the claimant is not disabled. A previous final determination of nondisability creates a presumption of continuing nondisability in the unadjudicated period. *Lester v. Chater,* 81 F.3d 821, 827 (9th Cir. 1995). The presumption may be overcome by a showing of changed circumstances, such as new and material changes to the claimant's RFC, age, education, or work experience. *Id.* at 827–28; *Chavez,* 844 F.2d at 693.

## VI. Summary of the ALJ's Decision

The ALJ first determined that Plaintiff had overcome the *Chavez* presumption of continuing nondisability because the passage of time resulted in her being in a new age category, and she had developed additional medically determinable impairments (obesity and hypertension) which were not severe. AR 22. Then, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 24-28.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2014, the application date. AR 24. Plaintiff's medically determinable impairments included obesity, degenerative disc disease of the lumbar spine and hypertension. AR 24. Since none of the medically determinable impairments had significantly limited (or was expected to significantly limit) Plaintiff's ability to perform basic work-related activities for twelve consecutive months, the ALJ concluded that none of Plaintiff's impairments were severe. AR 24. Accordingly, the ALJ found that Plaintiff was not disabled. AR 28.

## VII. Step Two: Did the ALJ Err in Finding No Severe Impairment?

Plaintiff contends that the ALJ erred in failing to find that Plaintiff had a severe impairment based on Dr. Van Kirk's consultative opinion. The Commissioner counters that the ALJ's determination was appropriately based on substantial evidence. The Court agrees that the ALJ did not err in concluding that Plaintiff had no severe impairment.

"The step-two inquiry is a de minimus screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." *Id.* at 1290; SSR 85-28.

1  "[T]he severity regulation is to do no 'more than allow the Secretary to deny benefits summarily

2  to those applicants with impairments of a minimal nature which could never prevent a person

3  from working.'" SSR 85-28 (quoting *Baeder v. Heckler*, No. 84-5663 (3d Cir. July 24, 1985)).

4        An ALJ is responsible for determining credibility, resolving conflicts in medical

5  testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

6  His or her findings of fact must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903

7  F.2d 1229, 1231 (9th Cir. 1990). To determine whether the ALJ's findings are supported by

8  substantial evidence, a court must consider the record as a whole, weighing both the evidence that

9  supports the ALJ's determination and the evidence against it. *Magallanes v. Bowen*, 881 F.2d

10  747, 750 (9th Cir. 1989).

11        A claimant's statement of pain or other symptoms is not conclusive evidence of a physical

12  or mental impairment or disability. 42 U.S.C. § 423(d)(5)(A); Soc. Sec. Rul. 16-3p, 2017 WL

13  5180304 (Oct. 25, 2017). "An ALJ cannot be required to believe every allegation of [disability],

14  or else disability benefits would be available for the asking, a result plainly contrary to the [Social

15        In addition to the considerations applicable to a claimant's first application for benefits,

16  Plaintiff had been denied supplemental security income in a previous application, requiring the

17  ALJ to consider the application of the *Chavez* presumption of non-disability. The ALJ

18  characterized the development of obesity and hypertension as "medically determinable, but non-

19  severe impairments." AR 22. "However, even if the claimant is able to rebut the presumption of

20  continuing disability, *res judicata* requires [the ALJ] to adopt certain findings from the prior

21  decision unless there is new and material evidence relating to the findings or a change in the law

22  (*Chavez v. Bowen*, 884 F.2d 691 (9th Cir. 1998) and Acquiescence Ruling (AR) 97-4(9))." AR

23  22. In this regard, Plaintiff's alleged back pain was a finding subject to *res judicata* unless

24  Plaintiff was able to establish new and material evidence relating to the severity of her back pain,

25  which had been determined not to be severe in the prior proceeding. *See* AR 71-73.

26        The ALJ structured her analysis to determine: (1) whether Plaintiff had an underlying

27  medically determinable physical or mental impairment that could reasonably be expected to

28  produce Plaintiff's pain and other symptoms; and, (2) the intensity, persistence and limiting

8

effects of the claimant's symptoms. AR 24-25. Focusing first on objective evidence, the ALJ noted that despite Plaintiff's complaints of lumbar back pain, objective medical testing was negative and diagnostic x-rays showed only mild degenerative changes in Plaintiff's lumbar spine. AR 25. Plaintiff required only conservative care and demonstrated a normal range of motion and full strength. AR 25.

Turning to physicians' opinions, the ALJ gave little weight to the opinions issued by Plaintiff's treating physician at the Gettysburg Medical Clinic.[4] AR 25-26. The judge contrasted the significant limitations articulated in the physician's opinions with the unremarkable physical examinations and treatment, and noted the doctor's substantial reliance on Plaintiff's subjective complaints.[5] AR 25-26.

The ALJ gave great weight to the opinions of the state agency physicians, Drs. Khong and Resnik. AR 26. She observed that these opinions were consistent with the medical and other evidence of record, including treatment notes, Plaintiff's normal range of motion, full strength, unremarkable physical examination findings and diagnostic imaging. AR 26. Despite Plaintiff's contention that the opinions of the state agency physicians are "stale" (Doc. 15 at 5), the ALJ noted that their opinions remained consistent with April 2017 examination results. AR 26. (In the absence of any significant change in Plaintiff's condition after the opinions were rendered, opinions based on the administrative record as a whole and rendered after the alleged onset date of Plaintiff's alleged disabling impairments cannot reasonably be dismissed as stale.)

In a brief paragraph, Plaintiff contends that the ALJ failed properly to consider the opinion of Dr. Van Kirk, the consultative orthopedist. Doc. 15 at 8. Plaintiff contends that because Dr. Van Kirk's opinion is "the most recent and consistent" and is substantiated by Dr. Fong's

///

---

[4] The ALJ recognizes the opinions at AR 469-72 as having been rendered by Dr. Fong, but does not identify the physician who rendered the opinions at 431-32 and 467-88. AR 25. The Court believes that all of these opinions likely were prepared by Dr. Fong because of the signatures on all three exhibits appear to be the same.

[5] The ALJ found that Plaintiff "greatly exaggerated her level of functioning." AR 27. In a detailed discussion of the basis for this conclusion, the ALJ contrasted the objective findings on medical tests with Plaintiff's representation of her physical abilities. AR 27. The ALJ also noted the Plaintiff downplayed activities of daily living despite testifying about an active lifestyle that included cooking, cleaning, doing laundry and driving her daughter to school. AR 27.

opinion, the ALJ should have found Plaintiff's impairments to be severe and proceeded further in the disability analysis. *Id.*

The ALJ summarized Dr. Van Kirk's opinion in detail and explained her reasons for affording the opinion little weight:

> On July 22, 2014, Dale H. Van Kirk, M.D., performed a consultative comprehensive orthopedic evaluation and opined that the claimant is able to lift and carry 10 pounds occasionally and 10 pounds frequently [*sic*], stand and walk six hours in an eight-hour workday, and sit without limitation. Dr. Van Kirk further opined that she is limited to occasionally performing postural activities and she should not be required to work in an extremely cold and/or damp environment. Dr. Van Kirk performed another consultative comprehensive orthopedic examination on April 5, 2017, and again opined the claimant has similar limitations.
>
> I discount and afford little weight to the opinions of Dr. Van Kirk because they are inconsistent with the medical and other evidence. For example, they are inconsistent with Dr. Van Kirk's own examination finding of a normal range of motion in the upper and lower extremities, with full motor strength bilaterally. In fact, no physical limitations are warranted in light of the unremarkable physical examination findings and the diagnostic images of the lumbar spine, which showed only mild changes. In addition, the opinions are discounted because they appear to be based largely upon the claimant's subjective complaints, which . . . are not fully consistent with the objective medical evidence.

AR 26 (citations to administrative record exhibits omitted).

Plaintiff offers no legal authority for the proposition that the ALJ's opinion should have reflected the most recent opinion of the severity of Plaintiff's impairments, and the Court has been unable to identify any such authority. The Court finds that the ALJ appropriately applied applicable standards for evaluating medical opinion.

"[A]n ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes*, 881 F.2d at 750. Generally, examining physicians and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). More weight is ordinarily given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen*, 80 F.3d at 1285. The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).

An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating professional may be rejected for "specific and legitimate" reasons. *Id.* at 830. However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. An ALJ may choose to give more weight to opinions that are more consistent with the evidence in the record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"). The ALJ's determination to rely on the opinions of the agency physicians in finding that Plaintiff had not established a severe impairment complied fully with applicable legal standards.

### VIII. Conclusion and Order

Based on the foregoing, the Court finds that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of Court is directed to enter judgment in favor of Defendant Andrew Saul, Commissioner of Social Security, and against Plaintiff Adelina Barcelos Perez.

IT IS SO ORDERED.

Dated: **June 24, 2019**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE